Timothy F. Umbreit    SBN 145932
4701 Cartwright Avenue
Toluca Lake, CA 91602

818-535-7381 (v)
818-334-5659 (f)

tim@timumbreit.com

Attorney for: *Thompson Real Estate Group, Inc.*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>REAL ESTATE PARTNERS, INC.<br>and its related entities<br><br>―――――――――――――――――――<br><br>THOMPSON REAL ESTATE GROUP, INC. ASSIGNEE OF CERTAIN CLAIMS OF REAL ESTATE PARTNERS, INC. AND ITS SEVEN AFFILIATED INVESTMENT FUNDS,<br><br>Plaintiff,<br>v.<br><br>REPFUND TERRACINA APARTMENTS, LLC PCCP TERRACINA, LLC., PCCP LB TERRACINA, LLC., CGKL VENTURES, LLC., PCCP, LLC dba PACIFIC COAST CAPITAL PARTNERS, WILLIAM LINDSAY, AS TRUSTEE OF THE ASSETS AND FOR THE BENEFIT OF CREDITORS OF REPFUND TERRACINA APARTMENTS, LLC, PCCP TERRACINA, LLC., PCCP LB TERRACINA, LLC., CGKL VENTURES, LLC., (ENTITIES WHOSE ARTICLES OF ORGANIZATION HAVE BEEN CANCELLED)<br><br>Defendants. | Case No.: 8:07-bk-13239-TA (consolidated with Case Nos 8:07-13239 TA – 8:07-13246 TA)<br><br>**Chapter 11**<br><br>Adversary Proceeding No.:<br><br>ADVERSARY COMPLAINT FOR:<br><br>RECOVERY OF ASSETS;<br>RECOVERY OF FRAUDULENT CONVEYANCE;<br>BREACH OF CONTRACT;<br>FOR DAMAGES ARISING FROM VIOLATION OF 11 USC § 362;<br>BREACH OF FIDUCIARY DUTIES; and<br>ATTORNEYS FEES<br><br>Hearing To Be Set By Summons |

Timothy F. Umbreit
Attorney at Law
Toluca Lake, CA 91602

Thompson Real Estate Group, Inc. Assignee Of Certain Claims From Real Estate Partners, Inc. and Its Seven Affiliated Investment Funds, (hereinafter Plaintiff or TREG) files this complaint against REPFund Terracina Apartments, LLC, PCCP Terracina, LLC., PCCP LB Terracina, LLC., CGKL Ventures, LLC., PCCP, LLC dba Pacific Coast Capital Partners, William Lindsay, As Trustee Of The Assets And For The Benefit Of Creditors Of REPFund Terracina Apartments, LLC, PCCP Terracina, LLC., PCCP LB Terracina, LLC., and CGKL Ventures, LLC., (Entities Whose Articles Of Organization Have Been Cancelled) (collectively referred to as Defendants) for the causes of action as herein set forth. In support hereof, Plaintiff states:

## JURISDICTION AND VENUE

1. This is adversary proceeding brought pursuant to Federal Rules of Bankruptcy Procedure 7001 et seq. and 3007; 11 USC §§ 105, 542, 548, 550 and 362.

2. The United States Bankruptcy Court for the Central District of California, Santa Ana Division has jurisdiction pursuant to 28 USC §§ 157 and 1334.

3. Venue is proper pursuant to 28 USC §§ 1408 and 1409.

4. This adversary proceeding is a core proceeding as that term is defined at 28 USC §§ 157(b)(2)(A), (B), (E), (H), (E) and (O).

## THE PARTIES

5. Thompson Real Estate Group, Inc. is a Nevada Corporation authorized to do business in the State of California (hereinafter referred to as Plaintiff or TREG).

6. The Joint Equity Committee Of Investors Appointed In The Bankruptcy Cases Of Real Estate Partners, Inc. and Its Seven Affiliated Investment Funds is an equity committee authorized pursuant to 11 USC § 1102 and by Order of the United States Bankruptcy Court for the Central District of California in the matter entitled: In Re Real Estate Partners, Inc. and its Related Entities, Case No. 8:07-bk-13239 TA, jointly administered with Case Nos. 8:07-bk-13239 TA through 8:07-bk-13246 TA.

7. REP assigned all claims against PCCP, LLC, William Lindsay, REPFund Terracina Apartments, LLC, PCCP Terracina, LLC, PCCP LB Terracina, LLC and CGKL Ventures, LLC

2

1 to Thompson Real Estate Group, Inc.

2 8. Thompson Real Estate Group, Inc is the real party in interest to pursue the claims as set forth herein by virtue of an assignment by the of certain claims of the Debtors' Estates against the Defendants as authorized by the Joint Equity Committee and by Order of the United States Bankruptcy Court.

9. REPFund Terracina Apartments, LLC. was a Delaware limited liability company whose charter was cancelled; its principal place of business was in the offices of Pacific Coast Capital Partners, 1960 E. Grand Avenue, EI Segundo, CA 90245.

10. PCCP Terracina, LLC. was a Delaware limited liability company whose charter was cancelled; its principal place of business was in the offices of Pacific Coast Capital Partners, 1960 E. Grand Avenue, EI Segundo, CA 90245.

11. PCCP LB Terracina, LLC. was a Delaware limited liability company whose charter was cancelled; its principal place of business was in the offices of Pacific Coast Capital Partners, 1960 E. Grand Avenue, EI Segundo, CA 90245.

12. CGKL Ventures, LLC. was a Delaware limited liability company whose charter was cancelled; its principal place of business was in the offices of Pacific Coast Capital Partners, 1960 E. Grand Avenue, EI Segundo, CA 90245.

13. PCCP, LLC dba Pacific Coast Capital Partners is a Delaware limited liability company with its principal place of business was in the offices of Pacific Coast Capital Partners, 222 N. Sepulveda Blvd., Ste 2222, EI Segundo, CA 90245.

14. William Lindsay, As Trustee Of The Assets And For The Benefit Of Creditors Of REPFund Terracina Apartments, LLC, PCCP Terracina, LLC., PCCP LB Terracina, LLC., CGKL Ventures, LLC. is managing member and senior partner of PCCP, LLC and was at all times relevant to this lawsuit a managing member and equity owner in all of the Defendants. He directed all of the activities of the Defendants and oversaw the dissolution of REPFund Terracina Apartments, LLC, PCCP Terracina, LLC, PCCP LB Terracina, LLC, and CGKL Ventures, LLC. All of the remaining assets including the funds belonging to the Plaintiffs were taken, at the

direction and under the supervision of William Lindsay, and distributed to them to himself or other entities that he owns or otherwise controls.

15. The Defendants are collectively referred to as PCCP.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

16. On or about May of 2004 Real Estate Partners, Inc. (REP) entered into a purchase agreement to acquire an 856 unit apartment project located in Phoenix Arizona for $42,850,000. The project was known as Terracina.

17. Between May and August of 2004, REP entered into negotiations with PCCP to arrange financing to conclude the purchase and also finance renovation and rehabilitation costs of $6,845,255.

18. In August of 2004, REP filed articles of organization for REPFund Apartments III, LLC as part of an agreement with PCCP to fund the Project.

19. In August of 2004, PCCP filed articles of organization for PCCP LB Terracina, LLC.

20. In August of 2004, REPFund Apartments III, LLC and PCCP LB Terracina, LLC filed articles of organization for PCCP Terracina, LLC.

21. Pursuant to the operating agreement (the Operating Agreement which is attached as Exhibit A) of PCCP Terracina, LLC, PCCP LB Terracina, LLC was the Managing Member and REPFund Apartments III, LLC was the Sponsor.

22. CGKL Ventures, LLC was listed in the Operating Agreement as the Co-Managing Member of PCCP LB Terracina, LLC.

23. However it was not until June of 2005 that PCCP filed articles of organization for CGKL Ventures, LLC.

24. William Lindsay was the managing member of CGKL Ventures, LLC. He is also a managing member of PCCP, LLC.

25. At all times relevant to this case, William Lindsay managed and directed the activities of all of the Defendants.

26. REPFund Apartments III, LLC made a Capital Contribution to PCCP Terracina, LLC of $509,665.00 which was 5% of the total Capital Contributions.

27. PCCP was supposed to make a capital contribution of $9,683,626.00.

28. Prior to the close of the purchase, REP negotiated an $805,000 price reduction from the seller related to mold issues and the quality of the tenant mix on the Property.

29. PCCP took credit for the $805,000 as a capital contribution, thereby lowering its actual cash contribution by that amount.

30. The $805,000 was to be used to supplement rental income for the Property during the renovations.

31. By lowering cash reserves, REPFund Terracina Apartments, LLC was required to make an additional capital contribution to make up the shortfall.

32. PCCP also allocated the $805,000 as a return on capital thereby artificially inflating the internal rate of return.

33. Pursuant to the Operating Agreement, REPFund Apartments III, LLC was entitled to no less than 5% of Capital Distributions and up to 45% if certain milestones were met in the performance of the project.

34. In November of 2004 PCCP took a distribution of $161,000 without authority and in violation of the Operating Agreement further depleting the cash reserves.

35. In early 2005 PCCP unilaterally and without cause removed REPFund Terracina Apartments, LLC as administrative member and 'deferred' its Administrative member's Fee of $15,000 per month.

36. PCCP took over all the Administrative member's duties from 2005 through 2008.

37. PCCP 'deferred' REPFund Terracina Apartments, LLC's fees for 48 months and then refused to account to REPFund Terracina Apartments, LLC for those fees.

38. REPFund Terracina Apartments, LLC completed the acquisition of the Project and completed the renovations.

5

ADVERSARY COMPLAINT

39. All milestones were met for the Project and REPFund Apartments III LLC was entitled to receive 45% of the Capital Distributions.

40. In April of 2007, REPFund Terracina Apartments, LLC entered into a Purchase and Sale Agreement to sell the Project to Greystar GP, LLC for $70,400,000.

41. The sale of the Project closed on or about June of 2007.

42. PCCP distributed $4,500,000 to REPFund Apartments III, LLC which was 45% of the net proceeds pursuant to Section 4.1(h) of the Operating Agreement (Exhibit A).

43. However, PCCP held back from REPFund Apartments III, LLC One Million Dollars in escrow after the close for a period of one year to cover any undisclosed obligations, claims or possible liens on the Property as a result of the renovations.

44. REP filed Chapter 11 Bankruptcy in October of 2007.

45. REP owned 62.5% of the membership interests in REPFund Terracina Apartments, LLC.

46. At the time REP filed bankruptcy, REPFund Terracina Apartments, LLC was an asset of the bankruptcy estate.

47. Between 2007 and 2011, the remaining members of REPFund Terracina Apartments, LLC assigned their respective interests to Real Estate Partners, Inc. and its Related Entities.

48. After one year PCCP did not distribute the proceeds that were held back to which REPFund Apartments III, LLC was entitled.

49. In November of 2008 PCCP withheld the $450,000 from REPFund Apartments III, LLC claiming "Sponsor Promote Loss."

50. As of June 2007, PCCP Terracina, LLC sold all of the Real Property.

51. Pursuant to Section 9.1(a) of the Operating Agreement the sale of all or substantially all of the Real property shall work an immediate dissolution of the Company.

52. Section 9.1 also requires the Company to distribute all accrued and unpaid priority Preferred Returns to REPFund Terracina Apartments, LLC.

53. All operations of the Company (REPFund Terracina Apartments, LLC) ceased after the sale of the Real Property in June of 2007.

6

ADVERSARY COMPLAINT

54. Because the event triggering dissolution was the sale of the Real property, there was nothing to wind down and as such, no plan of liquidation was required.

55. In September of 2008, PCCP demanded that REPFund Apartments III, LLC provide audited financial statements of operations of the Company for the years 2005, 2006 and 2007.

56. This demand was impossible to fulfill because PCCP took over all of the functions and duties of the Administrative member in 2005 and continued through the sale of the Real Property.

57. This demand was, quite simply, a set up to force REPFund Apartments III, LLC into a contrived default to trigger a 'for cause' event thereby lowering its distributions to 5% instead of the preferred return.

58. Even still REPFund Apartments III, LLC made every attempt to assist PCCP and Bill Ling, the accountant retained by the Company, in obtaining the audited financials.

59. PCCP's insincerity in demanding the 'audited financials' 3 years after the fact and 1 year after all operations of the Company had ceased is evidenced by the fact within 30 days, PCCP order the cancellation of all entities which it controlled that we involved in the project.

60. In November of 2008, at the direction and under orders from William Lindsay, PCCP distributed all the remaining proceeds (over $1,000,000 plus accrued interest) from the sale of the Project to itself.

61. On or about December of 2008, at the direction and under orders from William Lindsay, the articles of organization were cancelled for REPFund Terracina Apartments, LLC, PCCP Terracina, LLC, PCCP LB Terracina, LLC and CGKL Ventures, LLC.

62. PCCP admits that as of September, 2011 it is still holding funds to be distributed to REPFund Apartments III, LLC albeit a fraction of what is really owed.

63. PCCP owes REPFund Apartments III, LLC and accordingly its assigns, $2,416,000.00.

64. PCCP took assets of the Bankruptcy estate during the pendency of the automatic stay pursuant to 11 USC §362 and did not first move to lift, terminate of modify the stay.

65. PCCP violated the 362 stay and is liable to the estate and now its assign for all of these funds.

66. PCCP is liable for attorneys' fees under the Operating Agreement as well as Federal law.

## FIRST CLAIM FOR RECOVERY OF ASSETS

## (11 USC § 542)

## (As to All Defendants)

67. Plaintiff repeats, realleges and incorporates herein by reference all preceding paragraphs consistent with and necessary to support this claim and all exhibits are incorporated herein by reference.

68. 11 USC § 541 states, in pertinent part: (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

69. 11 USC § 542 states: (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

70. 11 USC § 1107 states: (a)Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

71. REP commenced a Chapter 11 Bankruptcy in October of 2007 under 11 USC § 301.

72. As of the commencement of the case, the Debtor, REP, had a legal and equitable interest in REPFund Apartments III, LLC which in turn had a legal and equitable interest in PCCP Terracina, LLC by virtue of the Operating Agreement.

8

ADVERSARY COMPLAINT

73. As set forth above, REPFund Apartments III, LLC was entitled to distribution of funds from the sale of the Property in excess of $1,000,000.

74. REPFund Apartments III, LLC was also entitled to payment for claims for money withheld by PCCP in the amount of $450,000.00.

75. PCCP has assets of the estate totaling $2,416,000.00.

76. REP as assigned those assets to TREG.

77. TREG has made demand on PCCP for the turnover of these assets and PCCP refused.

78. PCCP is liable to TREG for the turnover of $2,416,000.00.

## SECOND CLAIM FOR RECOVERY OF FRAUDULENT CONVERYANCE

## (11 USC § 548)

## (As to All Defendants)

79. Plaintiff repeats, realleges and incorporates herein by reference all preceding paragraphs consistent with and necessary to support this claim and all exhibits are incorporated herein by reference.

80. 11 USC § 548 states, in pertinent part: (a) (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily— (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

81. 11 USC § 550 states, in pertinent part: (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553 (b), or 724 (a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from— (1) the initial transferee of such transfer or the

9

entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

82. Within 2 years before the filing of REP's petition in Bankruptcy, REPFund Apartments III, LLC involuntarily transferred from PCCP Terracina, LLC to PCCP which was made by PCCP with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

83. PCCP is the immediate transferee of PCCP Terracina, LLC.

84. PCCP is liable to TREG for the recovery of $2,416,000.00.

## THIRD CLAIM FOR BREACH OF CONTRACT
### (As to All Defendants)

85. Plaintiff repeats, realleges and incorporates herein by reference all preceding paragraphs consistent with and necessary to support this claim and all exhibits are incorporated herein by reference.

86. The Operating Agreement is a contract between REPFund Apartments III, LLC and PCCP.

87. REPFund Apartments III, LLC made a Capital Contribution to PCCP Terracina, LLC of $509,665.00 which was 5% of the total Capital Contributions.

88. PCCP was supposed to make a capital contribution of $9,683,626.00.

89. Prior to the close of the purchase, REP negotiated an $805,000 price reduction from the seller related to mold issues and the quality of the tenant mix on the Property.

90. PCCP took credit for the $805,000 as a capital contribution, thereby lowering its actual cash contribution by that amount.

91. The $805,000 was to be used to supplement rental income for the Property during the renovations.

92. By lowering cash reserves, REPFund Terracina Apartments, LLC was required to make an additional capital contribution to make up the shortfall.

93. PCCP also allocated the $805,000 as a return on capital thereby artificially inflating the internal rate of return.

10

94. Pursuant to the Operating Agreement, REPFund Apartments III, LLC was entitled to no less than 5% of Capital Distributions and up to 45% if certain milestones were met in the performance of the project.

95. In November of 2004 PCCP took a distribution of $161,000 without authority and in violation of the Operating Agreement further depleting the cash reserves.

96. In early 2005 PCCP unilaterally and without cause removed REPFund Terracina Apartments, LLC as administrative member and 'deferred' its Administrative member's Fee of $15,000 per month.

97. PCCP took over all the Administrative member's duties from 2005 through 2008.

98. PCCP 'deferred' REPFund Terracina Apartments, LLC's fees for 48 months and then refused to account to REPFund Terracina Apartments, LLC for those fees.

99. REPFund Terracina Apartments, LLC completed the acquisition of the Project and completed the renovations.

100. All milestones were met for the Project and REPFund Apartments III LLC was entitled to receive 45% of the Capital Distributions.

101. In April of 2007, REPFund Terracina Apartments, LLC entered into a Purchase and Sale Agreement to sell the Project to Greystar GP, LLC for $70,400,000.

102. The sale of the Project closed on or about June of 2007.

103. PCCP distributed $4,500,000 to REPFund Apartments III, LLC which was 45% of the net proceeds pursuant to Section 4.1(h) of the Operating Agreement (Exhibit A).

104. However, PCCP held back from REPFund Apartments III, LLC One Million Dollars in escrow after the close for a period of one year to cover any undisclosed obligations, claims or possible liens on the Property as a result of the renovations.

105. REP filed Chapter 11 Bankruptcy in October of 2007.

106. REP owned 62.5% of the membership interests in REPFund Terracina Apartments, LLC.

107. At the time REP filed bankruptcy, REPFund Terracina Apartments, LLC was an asset of the bankruptcy estate.

11

108. Between 2007 and 2011, the remaining members of REPFund Terracina Apartments, LLC assigned their respective interests to Real Estate Partners, Inc. and its Related Entities.

109. After one year PCCP did not distribute the proceeds that were held back to which REPFund Apartments III, LLC was entitled.

110. In November of 2008 PCCP withheld the $450,000 from REPFund Apartments III, LLC claiming "Sponsor Promote Loss."

111. As of June 2007, PCCP Terracina, LLC sold all of the Real Property.

112. Pursuant to Section 9.1(a) of the Operating Agreement the sale of all or substantially all of the Real property shall work an immediate dissolution of the Company.

113. Section 9.1 also requires the Company to distribute all accrued and unpaid priority Preferred Returns to REPFund Terracina Apartments, LLC.

114. All operations of the Company (REPFund Terracina Apartments, LLC) ceased after the sale of the Real Property in June of 2007.

115. Because the event triggering dissolution was the sale of the Real property, there was nothing to wind down and as such, no plan of liquidation was required.

116. In September of 2008, PCCP demanded that REPFund Apartments III, LLC provide audited financial statements of operations of the Company for the years 2005, 2006 and 2007.

117. This demand was impossible to fulfill because PCCP took over all of the functions and duties of the Administrative member in 2005 and continued through the sale of the Real Property.

118. This demand was, quite simply, a set up to force REPFund Apartments III, LLC into a contrived default to trigger a 'for cause' event thereby lowering its distributions to 5% instead of the preferred return.

119. Even still REPFund Apartments III, LLC made every attempt to assist PCCP and Bill Ling, the accountant retained by the Company, in obtaining the audited financials.

120. PCCP's insincerity in demanding the 'audited financials' 3 years after the fact and 1 year after all operations of the Company had ceased is evidenced by the fact within 30 days, PCCP order the cancellation of all entities which it controlled that we involved in the project.

121. In November of 2008, at the direction and under orders from William Lindsay, PCCP distributed all the remaining proceeds (over $1,000,000 plus accrued interest) from the sale of the Project to itself.

122. On or about December of 2008, at the direction and under orders from William Lindsay, the articles of organization were cancelled for REPFund Terracina Apartments, LLC, PCCP Terracina, LLC, PCCP LB Terracina, LLC and CGKL Ventures, LLC.

123. PCCP admits that as of September, 2011 it is still holding funds to be distributed to REPFund Apartments III, LLC albeit a fraction of what is really owed.

124. PCCP owes REPFund Apartments III, LLC and accordingly its assigns, $2,416,000.00.

## FOURTH CLAIM FOR DAMAGES ARISING FROM VIOLATION OF 11 USC § 362
### (As to All Defendants)

125. Plaintiff repeats, realleges and incorporates herein by reference all preceding paragraphs consistent with and necessary to support this claim and all exhibits are incorporated herein by reference.

126. 11 USC § 362 states, in pertinent part: (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

   (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

   (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

   (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

13

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

127. PCCP had actual notice of the filing of the Bankruptcy by REP.

128. PCCP had communications with Richard Kipperman, the Responsible Person appointed by the Court to act as the Debtor in Possession.

129. From the date of the commencement of the Bankruptcy to the present, PCCP has not moved to terminate or modify the stay and has not otherwise sought relief from the stay.

130. Despite actual notice of the stay, PCCP obtained possession of property of the estate or of property from the estate and exercised control over property of the estate to the detriment of the estate.

131. PCCP committed acts to collect, assess, or recover a claim against the debtor that arose before the commencement of the case.

132. PCCP violated the automatic stay.

133. PCCP is liable to TREG for the recovery of $2,416,000.00.

## **FIFTH CLAIM FOR BREACH OF FIDUCIARY DUTIES**

### **(As to William Lindsay)**

14

134. Plaintiff repeats, realleges and incorporates herein by reference all preceding paragraphs consistent with and necessary to support this claim and all exhibits are incorporated herein by reference.

135. William Lindsay, As Trustee Of The Assets And For The Benefit Of Creditors Of REPFund Terracina Apartments, LLC, PCCP Terracina, LLC., PCCP LB Terracina, LLC., CGKL Ventures, LLC. is managing member and senior partner of PCCP, LLC and was at all times relevant to this lawsuit a managing member and equity owner in all of the Defendants.  He directed all of the activities of the Defendants and oversaw the dissolution of REPFund Terracina Apartments, LLC, PCCP Terracina, LLC, PCCP LB Terracina, LLC, and CGKL Ventures, LLC. All of the remaining assets including the funds belonging to the Plaintiffs were taken, at the direction and under the supervision of William Lindsay, and distributed to them to himself or other entities that he owns or otherwise controls.

136. As trustee, by operation of law, William Lindsay owed a duty to REP to properly account for all assets of the limited liability companies for the benefit of members and creditors, including REP and its assigns.

137. To the extent that William Lindsay has possession or control of those assets, he is liable to the TREG for  $2,416,000.00.

138. If William Lindsay distributed assets of REPFund Terracina Apartments, LLC to himself or to other entities that he otherwise owns, in which he has an interest or which he controls, he is liable to TREG for the value of the funds converted in violation of his fiduciary duties.

### SIXTH CLAIM FOR ATTORNEYS FEES
### (As to All Defendants)

139. Plaintiff repeats, realleges and incorporates herein by reference all preceding paragraphs consistent with and necessary to support this claim and all exhibits are incorporated herein by reference.

140. Section 8.3 of the Operating Agreement states, "If the Company or any Member obtains a judgment against any other member by reason of breach of this Agreement or failure to comply

Timothy F. Umbreit
Attorney at Law
Toluca Lake, CA 91602

with the provisions hereof, reasonable attorneys' fees as fixed by the court shall be included in such judgment.

## PRAYER FOR RELIEF

WHEREFORE, TREG respectfully requests:

### As to First Claim

Turnover of $2,416,000.00

### As to Second Claim

Recovery of $2,416,000.00

### As to Third Claim

Damages in the amount of $2,416,000.00

Attorneys' Fees

### As to Fourth Claim

Damages in the amount of $2,416,000.00

Such other and further relief as the nature of its cause may require

### As to Fifth Claim

Recovery of Assets or their equivalent value of $2,416,000.00

Such other and further relief as the nature of its cause may require

### As to Sixth Claim

Attorneys' Fees as provided by contract or statute

Dated: September 25, 2011

/s/ Timothy F. Umbreit
Timothy F. Umbreit
Attorney for Thompson Real Estate Group, Inc.

16

ADVERSARY COMPLAINT

FORM B104 (08/07)                                                                2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>THOMPSON REAL ESTATE GROUP, INC. ASSIGNEE OF CERTAIN CLAIMS OF REAL ESTATE PARTNERS, INC. | DEFENDANTS<br>REPFUND TERRACINA APARTMENTS, LLC<br>PCCP TERRACINA, LLC. et al |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Timothy F. Umbreit    SBN 145932<br>4701 Cartwright Avenue<br>Toluca Lake, CA 91602 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Recovery of property of estate by assignee of claims

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒1 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒2 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 2,400,000.00 |

Other Relief Sought

FORM B104 (08/07), page 2                                                                  2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>REAL ESTATE PARTNERS, INC ||| BANKRUPTCY CASE NO.<br>8:07-bk-13239-T |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA || DIVISIONAL OFFICE<br>SANTA ANA DIVISION | NAME OF JUDGE<br>Theodor Albert |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>9/28/11 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Timothy F. Umbreit |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Timothy F. Umbreit    SBN 145932<br>4701 Cartwright Avenue<br>Toluca Lake, CA 91602<br><br>818-535-7381 (v)<br>818-334-5659 (f)<br><br>tim@timumbreit.com<br><br>*Attorney for Plaintiff* Thompson Real Estate Group, Inc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:   REAL ESTATE PARTNERS, INC.<br>and its related entities<br><br>Debtor. | CHAPTER  11<br><br>CASE NUMBER 8:07-bk-13239-TA<br><br>ADVERSARY NUMBER |
|---|---|
| THOMPSON REAL ESTATE GROUP, INC. ASSIGNEE OF CERTAIN CLAIMS OF REAL ESTATE PARTNERS, INC. AND ITS Seven Affiliated Investment Funds     Plaintiff(s),<br>vs.<br>REPFUND TERRACINA APARTMENTS, LLC, PCCP Terracina LLC PCCP LB Terracina, LLC CGKL Ventures, LLC    Defendant(s).<br>PCCP, LLC dba Pacific Coast Capital Partners, William Lindsay, Trustee of the Assets of and for the Benefit ** | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|

❏  255 East Temple Street, Los Angeles        ❏  411 West Fourth Street, Santa Ana

❏  21041 Burbank Boulevard, Woodland Hills    ❏  1415 State Street, Santa Barbara

❏  3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

** of the Creditors of REPFUND TERRACINA APARTMENTS, LLC, PCCP TERRACINA, LLC, PCCP LB TERRACINA LLC, CGKL VENTURES, LLC (entities whose articles of organization have been cancelled)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)                                                                                                                **F 7004-1**

Summons and Notice of Status Conference - Page 2    **F 7004-1**

| In re (SHORT TITLE) REAL ESTATE PARTNERS, INC. and its related entities    Debtor(s). | CASE NO.: 8:07-bk-13239-TA |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4701 Cartwright Ave, Toluca Lake, CA 91602

A true and correct copy of the foregoing document described as  Summons and Notice of Status Conference, Adversary Complaint  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _____ | Timothy F. Umbreit | _____ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)    **F 7004-1**