Timothy F. Umbreit   SBN 145932
4701 Cartwright Avenue
Toluca Lake, CA 91602

818-535-7381 (v)
818-334-5659 (f)

tim@timumbreit.com

Attorney for: *Thompson Real Estate Group, Inc.*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>REAL ESTATE PARTNERS, INC.<br>and its related entities<br><br>———<br><br>THOMPSON REAL ESTATE GROUP, INC. ASSIGNEE OF CERTAIN CLAIMS OF REAL ESTATE PARTNERS, INC. AND ITS SEVEN AFFILIATED INVESTMENT FUNDS,<br><br>      Plaintiff,<br>v.<br><br>REPFUND TERRACINA APARTMENTS, LLC PCCP TERRACINA, LLC., PCCP LB TERRACINA, LLC., CGKL VENTURES, LLC., PCCP, LLC dba PACIFIC COAST CAPITAL PARTNERS, WILLIAM LINDSAY, AS TRUSTEE OF THE ASSETS AND FOR THE BENEFIT OF CREDITORS OF REPFUND TERRACINA APARTMENTS, LLC, PCCP TERRACINA, LLC., PCCP LB TERRACINA, LLC., CGKL VENTURES, LLC., (ENTITIES WHOSE ARTICLES OF ORGANIZATION HAVE BEEN CANCELLED)<br><br>      Defendants | Case No.: 8:07-bk-13239-TA<br>(consolidated with Case Nos 8:07-13239 TA – 8:07-13246 TA)<br><br>**Chapter 11**<br><br>Adversary Proceeding No.: 8:11-ap-01404-TA<br><br>JOINT STATUS REPORT AND NOTICE OF SETTLEMENT<br><br><br>STATUS CONFERENCE:<br>Date: March 1, 2012<br>Time: 10:00 a.m.<br>Courtroom: 5B<br>Place: 411 West Fourth St.<br>       Santa Ana, CA 92701 |

1

Plaintiff, Thompson Real Estate Group, Inc. submits herewith the Joint Status Report previously filed in this case and further states:

The parties have agreed to settle this adversary proceeding and are currently finalizing the terms of the confidential settlement agreement. The parties anticipate filing a stipulation of dismissal with prejudice and order prior to the scheduled Status Conference on March 1, 2012.

Dated: February 15, 2012

/s/ Timothy F. Umbreit
Timothy F. Umbreit
Attorney for Thompson Real Estate Group, Inc.

| Attorney or Party Name, Address, Telephone & FAX Numbers and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Timothy F. Umbreit, SBN 145932<br>4701 Cartwright Avenue<br>Toluca Lake, CA 91602<br><br>818-535-7381 (v)<br>818-334-5659 (f)<br><br>tim@timumbreit.com<br><br>*Attorney for* Thompson Real Estate Group, Inc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re:

REAL ESTATE PARTNERS, INC., and its related entities,

Debtor(s).

| | |
|---|---|
| THOMPSON REAL ESTATE GROUP, INC., ASSIGNEE OF CERTAIN CLAIMS OF REAL ESTATE PARTNERS, INC. AND ITS SEVEN AFFILIATED INVESTMENT FUNDS, Plaintiff(s).<br><br>vs.<br><br>REPFUND TERRACINA APARTMENTS, LLC, PCCP TERRACINA, LLC, PCCP LB TERRACINA, LLC, CGKL VENTURES, LLC, PCCP, LLC, WILLIAM LINDSAY Defendant(s). | CHAPTER: 11<br>CASE NO.: 8:07-bk-13239-TA<br><br>ADVERSARY NO.: 8:11-ap-01404-TA<br><br>DATE: 12/15/11<br>TIME: 10:00 a.m.<br>PLACE: Crt. 5B, 411 W. Fourth St., Santa Ana, CA |

# JOINT STATUS REPORT
# LOCAL BANKRUPTCY RULE 7016-1(a)(2)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The parties submit the following JOINT STATUS REPORT in accordance with Local Bankruptcy Rule 7016-1(a)(2):

**A.    PLEADINGS/SERVICE:**

1. Have all parties been served?  ☒ Yes    ☐ No

2. Have all parties filed and served answers to the complaint/counter-complaints/etc.?  ☐ Yes    ☒ No

3. Have all motions addressed to the pleadings been resolved?  ☐ Yes    ☒ No

4. Have counsel met and conferred in compliance with Local Bankruptcy Rule 7026-1?  ☐ Yes    ☒ No

5. If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," then please explain below *(or on attached page)*: Defendants ("Ds") filed a Motion to Dismiss ("MTD") on 10/31/11. Plaintiff ("P") filed a First Amended Adversary Complaint ("FAC") on 11/16/11. Ds intend to file a Motion to Dismiss the FAC. The Court ("Ct.") set a hearing on the MTD on 2/9/12. See Additional Comments in F.

*(Continued on next page)*

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 7016-1.1**

Joint Status Report - Page 2

F 7016-1.1

| In re<br>REAL ESTATE PARTNERS, INC., and its related entities,<br><div align="right">Debtor(s).</div> | CHAPTER: 11<br>CASE NO.: 8:07-bk-13239-TA<br>ADVERSARY NO.: 8:11-ap-01404-TA |
|---|---|

**B.  READINESS FOR TRIAL:**

1. When will you be ready for trial in this case?

   <u>Plaintiff</u>

   Approximately 2 months after completion of discovery which should begin immediately

   <u>Defendant</u>

   Approx. two months after the completion of discovery (which should not begin until the Ct. rules on the MTD).

2. If your answer to the above is more than four (4) months after the summons issued in this case, give reasons for further delay.

   <u>Plaintiff</u>

   Ds have declined to cooperate timely with the requirements of LBRs 7016-1 and 7026-1 (see F.)

   <u>Defendant</u>

   To permit the Ct. to rule on the MTD, thus conserving time and resources of the Ct. and all parties.

3. When do you expect to complete <u>your</u> discovery efforts?

   <u>Plaintiff</u>

   If the Ds cooperate within 2 - 3 months from the Early Meeting.

   <u>Defendant</u>

   Approximately 3-6 months after the Ct. rules on the MTD, depending on P's cooperation and other factors.

4. What additional discovery do you require to prepare for trial?

   <u>Plaintiff</u>

   Depositions; special interrogatories; requests for admission; requests for production of documents, etc.

   <u>Defendant</u>

   Depositions; special interrogatories; requests for admission; requests for production of documents, etc.

**C.  TRIAL TIME:**

1. What is your estimate of the time required to present <u>your side of the case</u> at trial (including rebuttal stage if applicable)?

   <u>Plaintiff</u>

   Pursuant to Your Honor's Trial Procedures Supplemental, the trial should take 4 to 8 hours.

   <u>Defendant</u>

   4-8 hours, depending on the outcome of discovery and evidence submitted at trial.

2. How many witnesses do you intend to call at trial (including opposing parties)?

   <u>Plaintiff</u>

   4 by declaration, 2 to rebut (live), 2 from opposing parties (by declaration or discovery responses/declar)

   <u>Defendant</u>

   Unknown (depends on the outcome of discovery and the evidence submitted at trial).

3. How many exhibits do you anticipate using at trial?

   <u>Plaintiff</u>

   No more than 50 exhibits

   <u>Defendant</u>

   Unknown (depends on the outcome of discovery and the evidence submitted at trial).

*(Continued on next page)*

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 7016-1.1

Joint Status Report - Page 3

F 7016-1.1

| In re<br>REAL ESTATE PARTNERS, INC., and its related entities,<br><br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 8:07-bk-13239-TA<br>ADVERSARY NO.: 8:11-ap-01404-TA |
|---|---|

**D.    PRE-TRIAL CONFERENCE:**

A pre-trial conference is usually conducted between a week to a month before trial, at which time a pre-trial order will be signed by the court. [See Local Bankruptcy Rule 7016-1.] If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

| Plaintiff | Defendant |
|---|---|
| Pre-trial conference X (is)/ ___ (is not) requested.<br>Reasons: _____ | Pre-trial conference X (is)/ ___ (is not) requested.<br>Reasons: _____ |

| Plaintiff | Defendant |
|---|---|
| Pre-trial conference should be set *after*:<br>(date) 05/09/12 | Pre-trial conference should be set *after*:<br>(date) 05/09/12 |

**E.    SETTLEMENT:**

1.    What is the status of settlement efforts?
      The parties have not yet discussed settlement.

2.    Has this dispute been formally mediated?        ☐ Yes    ☒ No
      If so, when?

3.    Do you want this matter sent to mediation at this time?

      Plaintiff                                          Defendant
      ☒ Yes    ☐ No                                ☐ Yes    ☒ No

*(Continued on next page)*

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                    F 7016-1.1

Joint Status Report - *Page 4*                                                          F 7016-1.1

| In re | CHAPTER: 11 |
| REAL ESTATE PARTNERS, INC., and its related entities, | CASE NO.: 8:07-bk-13239-TA |
| Debtor(s). | ADVERSARY NO.: 8:11-ap-01404-TA |

F.  **ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** *(Use additional page if necessary.)*

Ps' Comments -

Ps would prefer and have made several written demands to conduct the Early Meeting and Rule 7026 Disclosures. Ds have declined Ps' invitations. Ds admit they owe Ps $29,995.06. The remaining issues are: did the Ds have the right to withhold $450,000 of settlement proceeds; did the Ds have a right to withhold the other funds claimed; and, where did the money go.

This case is not complex except for the many layers of LLCs that Ds created and then collapsed to funnel Ps' funds away.

Ds have and continue to insist on delaying these proceedings. If the Ds had met 'early' as required by the LBRs, discovery would be underway. Ps request that they be permitted to start discovery immediately.
_____

Ds' Comments -

Ds prefer not to begin discovery, consider mediation or settlement discussions, or take any other action in this case until after the Ct. rules on its pending MTD (scheduled for February 9, 2012). Ds believe this is the optimal course of action because it will conserve the time and resources of the Ct. and all parties in the event that the Ct. dismisses some or all of the claims alleged against the Ds. Ds believe that it is especially improper to begin discovery before the Ct. rules on the MTD in light of the fact that P continues to pursue claims that are either time-barred on the face of the FAC or defective on the face of the documents attached to the FAC, or seek recovery of "property of the estate" despite the lack of any property of the estate being at issue.
CONTINUED ON FOLLOWING PAGE (PAGE 4, PART 2)

Respectfully submitted,

Dated: _____          Dated: _____

_____          _____
*Firm Name*                                        *Firm Name*

By: _____          By: _____

Name: _____          Name: _____

Attorney for: _____          Attorney for: _____

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                   F 7016-1.1

Joint Status Report - *Page 4*

F 7016-1.1

| In re<br>REAL ESTATE PARTNERS, INC., and its related entities,<br><div align="right">Debtor(s).</div> | CHAPTER: 11<br>CASE NO.: 8:07-bk-13239-TA<br>ADVERSARY NO.: 8:11-ap-01404-TA |
|---|---|

**F.    ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** *(Use additional page if necessary.)*

Thus, Ds believe, as they believed when the initial Complaint was filed, that it would be imprudent to begin discovery unless and until the Ct. determines that the remaining claims have some basis to survive a MTD and the claims and issues in this case are identified so that Ds can prepare to participate in discovery.  At that point, the parties will know the necessary extent of discovery if there are remaining claims to try.

Additionally, Ds disagree with P's interpretation of the rules governing the time in which to meet and confer pursuant to FRCP 26(f)(1) (made applicable by FRBP 7026).  P has stated that "the parties must conduct the meeting and exchange the information required by FRBP 7026 before December 1st, 2011."  Ds disagree with P's assertion and believe that the Rule 26(f) conference must occur "at least 21 days before" January 30, 2012, the date on which Ds believe that a "a scheduling order is due under Rule 16(b)."  FRCP 26(f)(1).  Ds believe that January 30, 2012 is the date on which the scheduling order is due under Rule 16(b) because it is the Monday following January 29, 2012, which is the 120th day after Ds were served with the initial Complaint and is also the 90th day after Ds appeared in this case by filing a MTD.  FRCP 16(b) (made applicable by FRBP 7016).  Of course, Ds are willing to meet and confer with P if it is deemed necessary by the Ct.

Finally, Ds believe that mediation may be beneficial after the Ct. rules on the MTD.

Respectfully submitted,

Dated: 11/29/11

*Firm Name*

By:    /s/ Timothy F. Umbreit

Name:    Timothy F. Umbreit

Attorney for:    Thompson Real Estate Group, Inc.

Dated: 11/29/2011

GIBSON, DUNN & CRUTCHER LLP
*Firm Name*

By:    /s/ Oscar Garza

Name:    Oscar Garza

Attorney for:    REPFund Terracina Apartments, LLC,

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                                        F 7016-1.1

F 7016-1.1

| In re<br>REAL ESTATE PARTNERS, INC., and its related entities,<br><br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 8:07-bk-13239-TA<br>ADVERSARY NO.: 8:11-ap-01404-TA |
|---|---|

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4701 Cartwright Ave., Toluca Lake, CA 91602

A true and correct copy of the foregoing document described as JOINT STATUS REPORT PURSUANT TO LOCAL BANKRUPTCY RULE 7016-1(a)(2) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On 11/29/11 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Douglas G Levin DLevin@gibsondunn.com
United States Trustee (SA), ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 11/29/11 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

VIA U.S. MAIL: Honorable Theodor C. Albert, United States Bankruptcy Court, 411 W. Fourth Street, Santa Ana, CA 92701

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/29/11 | Timothy F. Umbreit | /s/ Timothy F. Umbreit |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 7016-1.1

Joint Status Report - *Page 6*

F 7016-1.1

| In re<br><br>THOMPSON REAL ESTATE GROUP, INC., ASSIGNEE OF<br>CERTAIN CLAIMS OF REAL ESTATE PARTNERS, INC. AND ITS<br>SEVEN AFFILIATED INVESTMENT FUNDS,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NO.: 8:07-bk-13239-TA<br><br>ADVERSARY NO.: 8:11-ap-01404-TA |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 7016-1.1

| | |
|---|---|
| **From:** | Garza, Oscar |
| **To:** | Tim Umbreit; Levin, Douglas G. |
| **Subject:** | RE: TREG v PCCP |
| **Date:** | Tuesday, November 29, 2011 11:30:09 AM |

Authorized

**Oscar Garza**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3849 • Fax +1 949.475.4635
OGarza@gibsondunn.com • www.gibsondunn.com

---

**From:** Tim Umbreit [mailto:tim@timumbreit.com]
**Sent:** Tuesday, November 29, 2011 11:29 AM
**To:** Garza, Oscar; Levin, Douglas G.
**Subject:** TREG v PCCP

Oscar – Please authorize the filing of the Joint Status Report with your electronic signature.

I have added m y electronic signature and filled in the dates. There were no other changes.

I will attach a printout of your reply to the report when I file it.

Timothy F. Umbreit
Attorney At Law
4701 Cartwright Ave
Toluca Lake, CA 91602
(v) 818-535-7381
(f) 818-334-5659

tim@timumbreit.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.